IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Daniel R. Gambrell, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 7:08-1733-HMH |
| ) | |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Joe Gibson Automotive, Inc.; Joe ) | |
| Gibson's Automotive World, Inc.; ) | |
| American Suzuki Motor Corporation, Inc.; ) | |
| M&T Credit Services, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Daniel R. Gambrell's ("Plaintiff") motion to amend the complaint and remand the case to state court.

The Plaintiff originally filed suit in the Spartanburg County Court of Common Pleas asserting claims for violation of the South Carolina Unfair Trade Practices Act; violation of 15 U.S.C. § 1601, et seq. ("Truth-in-Lending Act"); rescission based upon violation of S.C. Code Ann. § 37-5-108; violation of South Carolina's Regulation of Manufacturers, Distributors, and Dealers Act; breach of implied covenant of good faith and fair dealing; fraud; negligent misrepresentation; rescission based upon unilateral mistake of fact resulting from fraudulent misrepresentation; unjust enrichment; fraud in the inducement and negligence. (Compl., generally.) On April 28, 2008, the Defendants removed the case on the basis of federal question jurisdiction arising from the Plaintiff's Truth-in-Lending Act ("TILA") claim. See 28 U.S.C. § 1441(b). The Defendants asserted that the remaining state law claims were subject to

supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because they were so related to the federal cause of action as to form part of the same case or controversy.

On May 28, 2008, the Plaintiff filed a motion to amend the complaint and to remand. The Plaintiff moves to amend the complaint by removing the federal TILA claim and substituting a state-law claim for anticipatory repudiation/breach of contract. (Pl.'s Mem. Supp. Mot. Amend Compl. & Remand 4.) In the alternative, the Plaintiff moves to remove the TILA claim.[1] In addition, because the Plaintiff moves to amend the complaint to substitute or, in the alternative, remove the sole federal claim in the complaint giving rise to federal jurisdiction, the Plaintiff moves to remand the case to state court. (Id. at 5-6.)

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party. Id. The Defendants have filed responsive pleadings. However, leave to amend a pleading shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a). Thus, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986).

In the instant case, the Plaintiff timely filed the motion to amend only one month after the Defendants removed the case, and the Defendants would not be prejudiced by remand. Further,

---

[1] Although the Plaintiff moves alternatively to dismiss the TILA claim, the court construes this as a motion to amend the complaint to remove the TILA claim.

the court finds that the Plaintiff's attempt to avoid federal jurisdiction does not constitute bad faith. The United States Court of Appeals for the Fourth Circuit has previously upheld a district court's order granting a plaintiff's motion to amend the complaint to remove federal issues and to remand the remaining claims to state court. Harless v. CSX Hotels, Inc., 389 F.3d 444 (4th Cir. 2004). The court affirmed the district court's finding that the plaintiff had acted in good faith because "[w]hile [the plaintiff] clearly wanted to avoid federal court, she also had substantive reasons for amending the pleadings." Id. at 448.

In the instant case, the Plaintiff moves to amend the complaint and remand to state court because the Defendants and various other lenders currently have a number of cases pending in the Spartanburg County Court of Common Pleas based on the same allegedly fraudulent marketing and sales campaign at issue in the instant case. (Pl.'s Mem. Supp. Mot. Amend Compl. & Remand 2.) The Plaintiff's counsel asserts that he has currently filed twenty-one cases against the Defendants and other lenders, thirteen of which have been removed to this court. (Id. 1, 3.) In addition, the Plaintiff's counsel asserts that he is in the process of filing seventy-three additional cases in state court, and that plaintiffs represented by other counsel have filed fifteen similar cases in state court. (Id. at 2.) The Plaintiff asserts that amending the complaint to permit remand will promote judicial economy by allowing for consolidation of all of the cases before a single court and will prevent inconsistent results on the state law claims. (Id. 4.)

Based on the large number of cases pending or soon-to-be pending in state court involving the same defendants and the same common facts, the court finds that the Plaintiff has not acted in bad faith by moving to amend the complaint to substitute a state law claim of anticipatory repudiation/breach of contract for the TILA claim. Under these circumstances,

judicial economy will be served by remanding the instant case to state court. See White v. Rawl Sales & Processing Co., No. 2:05-0965, 2006 U.S. Dist. LEXIS 96731, at *10-12 (S.D. W. Va. May 8, 2006) (unpublished) (granting the Plaintiff's motion to amend the complaint to remove the sole federal claim and to remand because remanding the case to state court would promote judicial economy). Therefore, the court grants the Plaintiff's motion to amend the complaint to remove the federal TILA claim. Because, as discussed below, the court also grants the Plaintiff's motion to remand based on the removal of the TILA claim, the court declines to rule on the Plaintiff's motion to substitute a state law claim for the TILA claim. The Plaintiff can file any motions to amend the complaint to add state law claims with the state court.

Based on the foregoing, the court grants the Plaintiff's motion to remand. The Plaintiff asserts that remand is appropriate because state law "predominates the claims for relief sought." (Pl.'s Mem. Supp. Mot. Amend Compl. & Remand 5.) In support of the motion to remand, the Plaintiff cites 28 U.S.C. § 1441(c). However, the United States Court of Appeals for the Fourth Circuit has held that § 1441(c) does not apply to pendent state law claims such as those involved in the instant case. Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 616 (4th Cir. 2001). Instead, the Fourth Circuit held that "under the authority of 28 U.S.C. § 1367(c), authorizing a federal court to decline to exercise supplemental jurisdiction, a district court has inherent power to dismiss the case or, in cases removed from State court, to remand, provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met." Id. at 617. Therefore, the court will analyze the Plaintiff's motion to remand pursuant to the factors set forth in § 1367(c).

Pursuant to § 1367(c)(3), the district court may decline supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." Because granting the Plaintiff's motion to amend the complaint removes the sole federal claim and basis for original jurisdiction, the court finds that remand of the instant case is warranted. See <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties . . . . Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.") Therefore, the Plaintiff's motion to remand is granted.

Therefore, it is

**ORDERED** that Plaintiff's motion to amend the complaint and to remand, docket number 15, is granted. The court instructs the Clerk of Court to remand this case to the Court of Common Pleas of Spartanburg County, South Carolina.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
July 9, 2008